UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 2:23-cv-00148-NT<br>) |
| DEREK H. JONES and RICHARD D. MOORE, | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before me is a motion for summary judgment by Plaintiff Allstate Property and Casualty Insurance Company ("**Allstate**" or "**Plaintiff**") (ECF No. 16). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**FACTUAL BACKGROUND**

During a visit to Maine from his home in New Hampshire, Richard D. Moore stopped by his friend Kelly Jones's house in Brunswick. Pl.'s Statement of Material Facts Ex. C, at 6:13-17, 44:8-10, 44:14-20, 51:12-15 (ECF No. 17-3). Sherry Jones, Kelly's wife, explained that Kelly was at his son Derek's house. Pl.'s Statement of Material Facts Ex. C, at 51:12-22. Moore and a friend then drove over to Derek Jones's home in Wiscasset, where they found Kelly and Derek Jones cutting down trees. Defs.' Opp'n to Pl.'s Statement of Material Facts, and Statement of Additional Material Facts ("**SMF**") ¶¶ 1, 8–9 (ECF No. 18); Pl.'s Statement of Material Facts Ex. C, at 52:11-13.

When Moore arrived at Derek Jones's property, a partially cut tree was leaning precariously over a set of power lines. SMF ¶ 10. Moore and Derek Jones discussed tying a strap or chain to Derek's pickup truck and using the truck to lift the tree upright and away from the power lines. SMF ¶ 11.[1] Derek Jones backed his truck up to the leaning tree and someone attached a tow strap from the tree to the truck's trailer hitch. SMF ¶ 12. Derek Jones pulled his truck forward slowly, pulling the tree upwards off the wires and taut. SMF ¶ 13. He had only intended to belay the tree so it could be cut and not fall onto the power lines. SMF ¶ 26.[2] Derek Jones did not intend to pull the tree down with his truck, but he accelerated his truck, snapping the tree off its stump. SMF ¶¶ 14, 27. The tree struck Moore, who was standing nearby, and the truck then dragged Moore and the tree. SMF ¶¶ 14–15. Moore sustained significant bodily injuries that required multiple surgeries, including the amputation of his left leg. SMF ¶ 20.

Derek Jones and his wife had homeowners' insurance for their property through Allstate (the "**Policy**"). SMF ¶ 1; Pl.'s Statement of Material Facts Ex. A, at

---

[1] The Defendants deny statements of fact ¶¶ 11–14, but they do not support their denials with any record citations. Under the District's Local Rules, "[t]he opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule." D. Me. Local R. 56(c). The Plaintiff has satisfactorily supported each of these statements with record citations, so I deem them admitted. *See* D. Me. Local R. 56(f) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted.").

[2] The Defendants added three additional facts and the Plaintiff did not respond to them. Under the District's Local Rules, "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." D. Me. Local R. 56(f). The Defendants satisfactorily supported statements of fact ¶¶ 26–28 so I deem them admitted.

#182 (ECF No. 17-1). Under the Policy, the Joneses received "Family Liability Protection" as follows:

> Subject to the terms, conditions, and limitations of this policy, [Allstate] will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

Pl.'s Statement of Material Facts Ex. A, at #185. An "occurrence" is "an accident . . . resulting in bodily injury or property damage." Pl.'s Statement of Material Facts Ex. A, at #189. The Policy, however, excludes from coverage "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer." Pl.'s Statement of Material Facts Ex. A, at #187.

Moore filed a negligence lawsuit against Derek and Kelly Jones in the Superior Court for Lincoln County, Maine. SMF ¶ 21. Allstate denied coverage under the Policy's motor vehicle exclusion. SMF ¶ 22.[3] Derek Jones's motor vehicle insurance carrier defended him against the lawsuit and paid its full policy limit of $50,000 to Moore on behalf of Derek Jones. SMF ¶¶ 23–24.[4] Moore and Derek Jones later entered into a stipulated judgment for $450,000 in favor of Moore, which was offset

---

[3] The Defendants partially object to this statement of fact, rather than asserting that a portion of it "should be stricken," as our Local Rules instruct. *See* D. Me. Local Rule 56(e). Nor do they support their subsequent denial of the fact with any record citation, as our Local Rules also require. *See* D. Me. Local Rule 56(c). Because the Plaintiff has sufficiently supported this fact with a record citation and the Defendants have not properly controverted it, I deem it admitted. *See* Local Rule 56(f).

[4] I have considered the Defendants' response to statement of fact ¶ 23, which requests to strike the fact (incorrectly styled as an "objection") without also admitting, denying, or qualifying the statement, as required by Local Rule 56(e). I have also considered the Defendants' qualification to statement of fact ¶ 24. The record supports the fact as I have recited it.

by $50,000 previously paid "by or on behalf of . . . Derek Jones" and $100,000 paid "by or on behalf of . . . Kelly Jones." SMF ¶ 25; Pl.'s Statement of Material Facts Ex. K, at #256 (ECF No. 17-11).[5]

Allstate then filed a declaratory judgment action in this Court to resolve its obligations under the Policy. Compl. for Declaratory J. (ECF No. 1). Allstate now moves for summary judgment and seeks a declaration under 28 U.S.C. § 2201(a) that it owes no duty to defend or indemnify Derek Jones against Moore's claims in the underlying state court negligence action. Pl.'s Mot. for Summ. J. ("**Pl.'s Mot.**") 1 (ECF No. 16).

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' if the evidence 'is such that a reasonable jury could resolve the point in the favor of the non-moving party . . . .' " *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (quoting *Ellis v. Fid. Mgmt. Tr. Co.*, 883 F.3d 1, 7 (1st Cir. 2018)). "[A]nd a fact is 'material' if it 'has the potential of affecting the outcome of the case[.]' " *Id.* (quoting *Pérez-Cordero v. Wal-Mart P.R., Inc.*, 656 F.3d 19, 25 (1st Cir. 2011)).

To evaluate a motion for summary judgment, I must view the record in the light most favorable to the nonmoving parties and draw all reasonable inferences in

---

5  I have considered the Defendants' response to statement of fact ¶ 25 and find that the record supports the fact as I have recited it.

their favor. *EdgePoint Cap. Holdings, LLC v. Apothecare Pharmacy, LLC*, 6 F.4th 50, 57 (1st Cir. 2021). But I am "not obliged either 'to draw unreasonable inferences or credit bald assertions or empty conclusions.' " *Theriault v. Genesis HealthCare LLC*, 890 F.3d 342, 348 (1st Cir. 2018) (quoting *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 8 (1st Cir. 2007)).

## DISCUSSION

### I. Duty to Indemnify

The core dispute here is whether the Policy's motor vehicle exclusion applies. If it does, Allstate is not required to indemnify Moore's claim for bodily injuries against Derek Jones. If it does not, Allstate must cover the claim.

"In a review of an insurance contract, the meaning of language is a question of law." *Foremost Ins. Co. v. Levesque*, 2005 ME 34, ¶ 7, 868 A.2d 244. Maine courts "interpret any unambiguous language in the policy according to its plain meaning" and "construe ambiguous policy language strictly against the insurance company and liberally in favor of the policyholder." *Cox v. Commonwealth Land Title Ins. Co.*, 2013 ME 8, ¶ 8, 59 A.3d 1280. The language in an insurance policy is ambiguous if it is "reasonably susceptible" to "different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover" the claims at issue. *Id.* (internal quotations omitted). Moreover, insurance policy exclusions are "construed strictly against the insurer." *Foremost Ins. Co.*, 2005 ME 34, ¶ 7, 868 A.2d 244.

Under the Policy, bodily injury "arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer" is excluded from coverage. Pl.'s Statement of Material Facts Ex. A, at #187. The phrase "arising out of" is unambiguous. *Acadia Ins. Co. v. Vt. Mut. Ins. Co.*, 2004 ME 121, ¶ 7, 860 A.2d 390 (interpreting a "business pursuit" exclusion and finding the phrase "arising out of or in connection with" unambiguous). It means: "originating from, growing out of, flowing from, incident to or having connection with." *Id.* at ¶ 8 (quoting *Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir.1989)). The Law Court has explained that it is a "broad" and "expansive" phrase. *Id.*

Under the Policy's plain meaning, Moore's injuries arose out of the use of a motor vehicle. Moore was struck by a tree that Derek Jones snapped off its stump by hitching it to his truck and driving forward. The use of the motor vehicle caused the tree to move from hanging over powerlines to striking Moore. The injuries flowed from, were incident to, and had a connection with the use of the truck.

Jones and Moore resist this conclusion. They focus on the word "use" and argue that it is ambiguous because it is overly broad and susceptible to different interpretations. Defs.' Opp'n to Pl. Allstate's Mot. for Summ. J. ("**Defs.' Opp'n**") 2 (ECF No. 19). In addition, they maintain that "Maine courts have tended to eschew applying 'use' exceptions" since the late 1980's. Defs.' Opp'n 5. These arguments fail for lack of legal support.

With respect to plain meaning, the Defendants do not cite any authority to support their assertion that the word "use" is ambiguous in this context. While the

6

word "use" may be rendered ambiguous through application to different facts, it is not here. An "ordinary person in the shoes of the insured," *Cox*, 2013 ME 8, ¶ 8, 59 A.3d 1280 (internal quotations omitted), would understand that he was using his truck when he was driving it, such that a motor vehicle exclusion in a homeowners' policy would apply.

With respect to use exceptions generally, the Defendants cite one case where a Maine court required coverage despite a motor vehicle exclusion.[6] That case, *Maine Mutual Fire Insurance Co. v. American International Underwriters Insurance Co.*, 677 A.2d 1073 (Me. 1996), involved a dog bite injury in a motor vehicle. There, the insured drove to his parents' house with his dog in his truck, parked out front, tied the dog to his truck with a long chain, and went inside for a visit. 677 A.3d at 1074. Sometime later, a ten-year-old child got up onto the flatbed of the truck, where the dog had settled. *Id.* After some petting, the dog bit the child. *Id.* On these facts, the Law Court held that this was not an injury "arising out of" the "use" of a motor vehicle, *id.* at 1076 (internal quotations omitted), because there was no "reasonable causal connection" between the use of the truck and the dog bite. *Id.* at 1075 (internal quotations omitted). The injury did not occur while the dog was being transported or

---

[6] The Defendants also cite a second case, *York Insurance Co. of Maine v. White*, No. CV-11-045, 2012 Me. Super. LEXIS 46 (Mar. 28, 2012), to support their assertion that Maine courts disfavor "use" exceptions. Defs.' Opp'n to Pl. Allstate's Mot. for Summ. J. ("**Defs.' Opp'n**") 5 (ECF No. 19). But this decision *denied* coverage based on an unambiguous motor vehicle "use" exclusion. *York*, 2012 Me. Super. LEXIS 46, at *6, 10. This case hurts, rather than helps, Defendants' position. The Defendants also cite *Foremost Insurance Co. v. Levesque*, 2005 ME 34, 868 A.2d 244, for general propositions of law. Defs.' Opp'n 1, 4. This is the only other case in their brief where a Maine court held that an insurer was required to cover a claim because a motor vehicle exclusion did not apply. This case, however, interpreted the "loading or unloading" part of the exclusion, where the injury "occurred after any connection to or contact with the vehicle had been severed." *Foremost*, 2005 ME 34, ¶ 11, 868 A.2d 244. For that reason, it does not compel a different result here.

7

unloaded from the truck, but rather while the truck was being used as a stationary object. *Id.* at 1075. And, the dog bit the child well after the truck had been parked and the dog tethered to it. *Id.* The motor vehicle exclusion in the homeowner's policy did not apply, and the insurer had to indemnify the claim. *Id.* at 1076.[7]

The Defendants contend that this case is analogous to *Maine Mutual Fire*. Defs.' Opp'n 5. They maintain that the truck here was used as an anchor point, and that Jones could have just as easily connected the tow strap to some other fixed object, like a tree or part of the house. Defs.' Opp'n 5. But this argument ignores the fact that the truck was not used as a stationary object; quite the opposite, it was used as a moving object. Indeed, Jones was actually driving the truck at the time of the injury. *Maine Mutual Fire* does not control.

As the Law Court has explained, "[i]t is the activity in which the insured is engaged at the time [of the injury] that provides the temporal and spatial nexus that is determinative" of whether a motor vehicle exclusion applies. *Worcester Ins. Co. v. Dairyland Ins. Co.*, 555 A.2d 1050, 1052 (Me. 1989). Here, Jones was driving his truck to lift the tree away from power lines when the tree struck Moore. This "temporal and spatial nexus" provides the required casual connection between the use of the car and

---

[7] In this decision, the Law Court incorporated its analysis of the insured's automobile policy into its analysis of his homeowner's policy. *Me. Mutual Fire Ins. Co. v. Am. Int'l Underwriters Ins. Co.*, 677 A.2d 1073, 1075–76 (Me. 1996)

the injury.[8] The motor vehicle exclusion applies; Allstate has no duty to indemnify Moore's claim.[9]

## II. Duty to Defend

The Law Court has instructed that "an insurer's duty to indemnify is independent from its duty to defend and . . . its duty to defend is broader than its duty to indemnify." *Elliott v. Hanover Ins. Co.*, 1998 ME 138, ¶ 11, 711 A.2d 1310. For that reason, Maine courts use different tests to evaluate each duty. *See Allstate Prop. & Cas. Ins. Co. v. Madden*, No. 2:23-cv-00104-JDL, 2023 WL 6516491, at *2 (D. Me. Oct. 5, 2023).

Here, Allstate requested a declaration on its duty to defend, but did not brief the issue. Allstate mentions the duty to defend in its opening paragraph and its conclusion when it states the scope of the declaration it seeks, Pl.'s Mot. 1, 11, but does not articulate the appropriate legal test, present arguments, or otherwise brief the issue. As the movant, it is Allstate's burden to show that it is entitled to judgment

---

[8] Allstate bolsters its position by citing several cases in which Maine courts have denied coverage under homeowner policy motor vehicle exclusions where injuries occurred during the actual operation of a motor vehicle. Pl.'s Mot. for Summ. J. 7 (ECF No. 16) (citing *Am. Universal Ins. Co. v. Cummings*, 475 A.2d 1136, 1137–38 (Me. 1984); *Merrimack Mut. Fire Ins. Co. v. Capolupo*, No. CV-2021-148, 2021 Me. Super. LEXIS 31, at *12 (Sept. 14, 2021); *York Ins. Co. v. White*, No. CV-11-045, 2012 Me. Super. LEXIS 46, at *10 (Mar. 28, 2012)). As in these cases, here it is clear that Moore's injuries arose out of Derek Jones's use of a motor vehicle.

[9] The Defendants included the following in their statement of additional facts: "Moore's injuries were caused by [Derek] Jones's failure to communicate and use reasonable care in tree-cutting, not use of [a] vehicle." Defs.' Opp'n to Pl.'s Statement of Material Facts, and Statement of Additional Material Facts ¶ 28 (ECF No. 18). The Plaintiff did not respond to this fact and the Defendants satisfactorily supported it with record citations, so I deem it admitted. *See* D. Me. Local Rule 26(f). But the question is whether Moore's injuries arose out of the use of a motor vehicle, not whether a motor vehicle caused the injuries, so this admission does not affect the outcome. *See Penn-Am. Ins. Co. v. Daigle*, 2:07-cv-00215, 2009 WL 1460503, at *5 (D. Me. May 26, 2009) (explaining that "arising out of" is a broader category than "caused"), *R. & R. aff'd by* 2009 WL 1975414, *aff'd*, 617 F.3d 82 (1st Cir. 2010).

9

as a matter of law. Fed. R. Civ. P. 56(a). It has not carried its burden with respect to the duty to defend.

## CONCLUSION

For the reasons stated above, Allstate's Motion for Summary Judgment (ECF No. 16) is **GRANTED** with respect to the duty to indemnify and **DENIED** with respect to the duty to defend. I declare, pursuant to 28 U.S.C. § 2201(a), that Allstate has no duty to indemnify Derek Jones against claims for bodily injury by Richard Moore in the underlying state court action.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 29th day of November, 2023.